# Third District Court of Appeal

## State of Florida

Opinion filed August 4, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-109
Lower Tribunal Nos. 12-665SP & 20-88AP
_____

**United Automobile Insurance Company,**
Appellant,

vs.

**Progressive Health Services, a/a/o Jean Devaughn,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

A Able Advocates – Stuart L. Koenigsberg, P.A., and Stuart L. Koenigsberg, for appellee.


Before EMAS, LOGUE and SCALES, JJ.

SCALES, J.

United Automobile Insurance Company ("United Automobile") appeals a summary judgment and subsequent entry of final judgment in favor of Progressive Health Services ("Progressive Health"). We reverse.

Progressive Health is the assignee of PIP benefits of United Automobile's insured, Jean DeVaughn. After DeVaughn received treatment from Progressive Health for an injury suffered in a 2010 automobile accident, Progressive Health billed United Automobile and received payment that Progressive Health considered insufficient. On January 30, 2012, Progressive Health filed a breach of contract lawsuit against United Automobile. Among its defenses, United Automobile raised the unreasonableness of Progressive Health's charges pursuant to section 627.736(5) of the Florida Statutes.[1]

On June 13, 2019, Progressive Health filed a motion for summary judgment on the issue of the reasonableness of its charges, accompanied by a supporting affidavit of its owner, Dr. Jason Levine. United Automobile filed an opposing summary judgment affidavit of its adjustor, Marcia Lay. In

---

[1] This statute provides that a medical provider "rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered. . . ." § 627.736(5)(a)1., Fla. Stat. (2010).

her affidavit, Lay provided a description of her training and experience, along with the data she used in evaluating Progressive Health's charges.

The trial court agreed with Progressive Health that its charges were reasonable and granted summary judgment on December 9, 2019. In its order, the trial court found that Lay's affidavit "is insufficient as a matter of law as it solely presents conclusions of law without supporting facts, and said opinion is therefore speculative." On March 10, 2020, the trial court entered final judgment, awarding Progressive Health the sum of $671.24.

Upon our *de novo*[2] review of the record, we conclude that Lay's affidavit is neither speculative nor conclusory, and it is sufficient to create a genuine issue of material fact. See United Auto. Ins. Co. v. Progressive Rehabilitation and Orthopedic Servs., LLC, No. 3D21-108 (Fla. 3d DCA July 21, 2021); United Auto. Ins. Co. v. Cent. Therapy, Inc., No. 3D21-58 (Fla. 3d DCA July 28, 2021).

Reversed.

---

[2] See Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1035 (Fla. 3d DCA 2019).